# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROZINA RHONDA JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-01812 (UNA) |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of petitioner's *pro se* petition for mandamus and/or for habeas corpus, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will deny the IFP application, and it will dismiss the case for the reasons explained below.

First, it appears that petitioner has attempted to proceed with this matter, at least in part, on behalf of an estate and/or trust. But, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]" 28 U.S.C. § 1654. As an artificial entity, a trust cannot proceed in federal court without licensed counsel. *See Fromm v. Duffy as Tr. of Gary Fromm Family Tr.*, No.19-cv-1121, 2020 WL 109056 at *4 (D.D.C. Jan. 9, 2020) (noting that "[c]ourts have interpreted [§ 1654] to preclude a non-attorney from appearing on behalf of another person or an entity such as a corporation, partnership, or trust"); *see also Casares v. Wells Fargo Bank, N.A.*, No. 13-cv-1633, 2015 WL 13679889 at *2 (D.D.C. May 4, 2015) (a litigant proceeding *pro se* "cannot represent the trust in federal court, even as the trustee, as he is not a licensed attorney") (citing *Hale Joy Trust v. Comm'r of IRS*, 57 Fed. App'x. 323, 324 (9th Cir. 2003) and *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994)).

More, petitioner appears to have filed the pending IFP application, at least in part, on behalf of a trust, however, an artificial entity cannot proceed under the IFP statute, 28 U.S.C. § 1915(a)(1); the Supreme Court has interpreted that provision as applicable "only to individuals" or "natural persons," not "artificial entities." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–07 (1993). Still more, even if petitioner intended to bring the IFP application on her own behalf, it is devoid of any of the information or material necessary to assess her financial circumstances. *See* 28 U.S.C. § 1915(a)(2). Therefore, the IFP application must be denied.

Second, the petition is incomprehensible. The allegations are vague, rambling, and incongruent, consisting of a tangled mass of broad assertions and ruminations that fail to make out a cognizable legal claim against the respondents—the City of St. Louis, and the State of Missouri. The petition also formally fails to comply with Federal Rule 10(a)–(b) and D.C. Local Civil Rule 5.1(g).

Most notably, the petition fails to comply with Federal Rule 8(a), which requires such pleadings to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D.

408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant petition falls into this category. Neither the Court nor respondents can reasonably be expected to identify petitioner's claims, and the petition also fails to set forth allegations that establish this court's subject matter jurisdiction over any plausible entitlement to relief.

For all of these reasons, the case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: 7/21/2023

TREVOR N. McFADDEN
United States District Judge